Roger WILLIAMSON *v.* STATE of Arkansas

644 S.W.2d 600

Supreme Court of Arkansas
Opinion delivered January 24, 1983

*Beth Gladden Coulson* and *Herby Branscum, Jr.,* for appellant.

*Tom Tatum,* Pros. Atty., 15th Judicial District, for appellee.

PER CURIAM. Appellant's petition for reconsideration for Rule on Clerk to lodge transcript is denied.

HOLT, PURTLE and HAYS, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I believe we made a mistake in granting the motion to dismiss this appeal. The order of dismissal was entered on December 13, 1982 without written opinion.

Appellant was charged and found guilty of 102 counts of theft of property. He was sentenced on August 27, 1981, with the judgment of conviction being filed on September 23, 1981. Appellant filed a timely notice of appeal on October 2, 1981. The trial attorney, Robert E. Irwin, was relieved as appellant's attorney and Charles Dunn of Tulsa, Oklahoma, was substituted. An order by the trial court was entered on November 25, 1981 extending the time to file the transcript until January 22, 1982. On January 21, 1982 the court signed an order which was entered of record on January 25, 1982, extending the time for lodging the transcript until March 22, 1982. The full costs of the clerk and reporter, in the sum of $1,196.00, was paid on February 22, 1982. The record was tendered on March 19, 1982 and rejected by the clerk of this court as being untimely. So far as

I am able to determine the record has been here in our court since it was tendered.

The appellant received a copy of the motion to dismiss on November 11, 1982. It was then that he learned the transcript had not been accepted by this court and that his attorney, Charles Dunn, Sr., was deceased. The motion for a rule on the clerk was filed a few days later, on November 18, 1982. I feel the death of appellant's attorney is just cause for allowing a belated appeal. I also am not in agreement that the record was untimely tendered. Therefore, I would reconsider the order of dismissal and allow the appeal. Also, I would allow the motion to substitute attorneys for the appellant. The right to appeal a criminal conviction should be given every consideration and appellant in this case should not be placed at a disadvantage for actions which were clearly beyond his control, especially where, as existed here, a diligent effort was made to preserve appellant's right to appeal.

I am authorized to say that HOLT and HAYS, JJ., join in this dissent.